# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT CALIFORNIA

SHARON HANEY )
 Plaintiff, ProSe )
V. ) SACV10-659 AG (ANx)
HUNT & HENRIQUES ) Case No:
Attorneys at Law )
Defendant )
CITIBANK (SOUTH DAKOTA) N.A. ) **Trial By Jury Demanded**
Co-Defendant )
 )
 )

FILED 2010 MAY 8 PM 1:44



## PLAINTIFFS' STATEMENT OF CLAIM
## STATEMENT UPON WHICH RELIEF CAN BE GRANTED

COMES NOW the Plaintiff, Sharon Haney.

At all times hereinafter mentioned, The Plaintiff was and still is a resident of Orange County State of California. Thus establishing the jurisdiction of this Court and is conferred by 15 U.S.C. §1681p, 15 U.S.C. §1692k.

From here on Sharon Haney, will be known as the Plaintiff.

Plaintiff respectfully submits Plaintiff's Statement of Claim and Statement Upon Which Relief Can Be Granted.

## STATEMENT OF CLAIM

The Defendant, Hunt & Henriques, Attorneys at Law is a 3rd party debt collectors located at 151 Bernal Road, Suite 8, San Jose, CA, 95119-1306, as such is governed under the law by The Fair Debt Collection Practices Act 15 USC Section § 1601, et seq. The Co-Defendant Citibank (South Dakota) N.A. ("Citibank") is a corporation organized and existing under the laws of the

24 State of South Dakota, with its principal place of business at 701 E. 60th St N, Sioux Falls, South
25 Dakota 57117-1251. Citibank does business in California and in the county of Orange. Citibank
26 may be served with process at 701 E 60th St N, Sioux Falls, South Dakota 57117-1251. Co-
27 Defendant Citibank (South Dakota)N.A. is a credit lender and as such governed under the law by
28 The Fair Credit Reporting Act 1 5 USC Section § 1681, *et seq.* and reports accounts to the
29 national credit reporting agencies i.e. Trans Union, Equifax and Experian and Innovis all national
30 credit reporting agencies.
31 The State of California abides by and adheres to these laws. Specifically The Fair Credit
32 Reporting Act 15 USC Section § 1681, *et seq.* and The Fair Debt Collection Practices Act 15
33 USC Section § 1601 *,et seq.* The Defendants are governed under these laws.
34
35 The Plaintiff denies ever having any contractual agreement for credit, loans or services
36 relationship with the Defendants.
37 **Even if the Plaintiff did have such an agreement, which Plaintiff denies, the alleged account**
38 **is not in question here. But the fact as to how it was or was not validated and wrongful**
39 **actions of the Defendants in an attempt to collect and credit reporting of the alleged debt,**
40 **violated the civil rights of the Plaintiff and the law as outlined in The Fair Debt Collection**
41 **Practices Act 15 USC Section § 1601 *,et seq.* and The Fair Credit Reporting Act 15 USC**
42 **Section § 1681,*et seq.***
43 On or about November 16, 2009, the Plaintiff received a letter from the Defendant Hunt &
44 Henriques demanding payment of an alleged account. The Plaintiff contacted the Defendant on
45 November 30, 2009, via the US Postal Service, Certified Mail # 7009 1410 0002 2979 7125,
46 which was received by the Defendant on December 2nd, 2009. In that written correspondence,
47 the Plaintiff disputed the alleged debt and demanded that the Defendant Hunt & Henriques
48 validate the alleged debt by providing strict proof of the alleged indebtedness. To date, the
49 Plaintiff has not received any response from Defendant pursuant to her request for validation, yet
50 debt collection activity from the Defendant has continued.
51 **Count I:**

52 The Defendant has violated Section 809, **Validation of debts [15 USC 1692g]** of the FDCPA by
53 not providing Proof of the alleged debt as requested by the Plaintiff's letter of November 30,
54 2009, and by continuous collection activity prior to validation of the debt.
55 **§ 809. Validation of debts 15 USC 1692g**
56 (b) If the consumer notifies the debt collector in writing within the thirty-day period
57 described in subsection (a) that the debt, or any portion thereof, is disputed, or that the
58 consumer requests the name and address of the original creditor, the debt collector
59 **shall cease collection of the debt**, or any disputed portion thereof, until the debt
60 collector obtains verification of the debt or any copy of a judgment, or the name and
61 address of the original creditor, and a copy of such verification or judgment, or name
62 and address of original creditor, is mailed to the consumer by debt collector.
63 The Defendant Hunt & Henriques has **failed to cease collection** and has **failed to validate the**
64 **alleged debt.**
65 **Plaintiff demands judgment for $1,000.00 for each of the above violations $2,000.00**
66 Plaintiff re-alleges the allegations set forth in paragraphs 1 through 66 hereinabove.
67 **Count II**
68 Overshadowing 1996 U.S. Dist. LEXIS 22555, *
69 DEBRA TYCHEWICZ, Plaintiff, v. RICHARD DOBBERSTEIN d/b/a CREDIT
70 ASSOCIATED, Defendant. 96-C-0195-S
71 The Plaintiff has 30 days to respond to this alleged account and the statement "contact us at
72 1 (800) 496-5051 and arrange a payment plan" indicated that the Plaintiff must contact them
73 immediately as opposed to the 30 days as allowed by law.
74 **Plaintiff demands judgment in the amount of $1,000.00**
75 Plaintiff re-alleges the allegations set forth in paragraphs 67 through 75 hereinabove.
76 **Count III**
77 Plaintiff notified the Defendant Hunt & Henriques in her letter dated November 30, 2009, sent
78 via US Postal Service, Certified Mail # 7009 1410 0002 2979 7125, which was received by the
79 Defendant on December 2nd, 2009, that it was extremely inconvenient for her to receive phone
80 calls at her place of employment or at her home.
81 The Defendant repeatedly violated **15 USC 1692 d**

82  A debt collector may not engage in any conduct the natural consequence of which is to harass,
83  oppress, or abuse any person in connection with the collection of a debt. Without limiting the
84  general application of the foregoing, the following conduct is a violation of this section:
85  Causing a telephone to ring or engaging any person in telephone conversation repeatedly or
86  continuously with intent to annoy, abuse, or harass any person at the called number.
87  Plaintiff has received several phone calls from Defendant Hunt & Henrique's asking to kindly
88  return this call by calling 800 496-5051. The Plaintiff has phone logs where Defendant called
89  Plaintiff on February 9, 2010, February 16, 2010, March 5, 2010, March 10, 2010, March 17,
90  2010, March 29, 2010, April 06, 2010, April 25, 2010, after Defendant was notified it was
91  inconvenient for Plaintiff to receive calls at her home.
92  **Plaintiff demands judgment in the amount of $1000.00.**
93  Plaintiff re-alleges the allegations set forth in paragraphs 76 through 93 hereinabove.
94     **Count IV**
95  **§ 807. False or misleading representations 15 USC 1692e**
96  A debt collector may not use any false, deceptive, or misleading representation or means in
97  connection with the collection of any debt. Without limiting the general application of the
98  foregoing, the following conduct is a violation of this section:
99  (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
100 On or about April 12, 2010, Plaintiff received from Defendant Hunt & Henriques a letter stating
101 "Our firm has filed suit against you." To date the Defendant has not validated the alleged debt.
102 The Defendant is required by **§ 809. Validation of debts 15 USC 1692g** (b) If the consumer
103 notifies the debt collector in writing within the thirty-day period described in subsection
104 (a) that the debt, or any portion thereof, is disputed, or that the
105 consumer requests the name and address of the original creditor, the debt collector
106 **shall cease collection of the debt**, or any disputed portion thereof, until the debt
107 collector obtains verification of the debt or any copy of a judgment, or the name and
108 address of the original creditor, and a copy of such verification or judgment, or name
109 and address of original creditor, is mailed to the consumer by debt collector.
110 As the Defendant has never provided any competent evidence or legal validation, the Defendant
111 falsely and deceptively is pursuing the collection of an alleged debt.

112 **Plaintiff demands judgment in the amount of $1000.00.**
113 Plaintiff re-alleges the allegations set forth in paragraphs 94 through 113 hereinabove.
114    **Count V**
115 On October 27, 2009, Plaintiff after obtaining copies of her TransUnion, Experian, and Equifax
116 credit report noticed Co-Defendant Citibank (South Dakota) N.A., was reporting derogatory,
117 erroneous, and inaccurate information in her credit report. The Plaintiff sent letters to all three
118 (3) credit agencies via US Postal Service Certified Mail Return Receipt disputing the derogatory,
119 erroneous, and inaccurate information. TransUnion, Experian, and Equifax confirmed they
120 were reporting the alleged accounts correctly as all three credit agencies stated they contacted
121 each source directly.
122 On or about January 26, 2010, after Plaintiff obtained copies of her TransUnion, Experian, and
123 Equifax credit report once again notice Co-Defendant Citibank (South Dakota)N.A., still
124 reporting derogatory, erroneous, and inaccurate information in her credit report. The Plaintiff
125 sent the Co-Defendant a letter via US Postal Service Certified Mail Return Receipt #7009 2820
126 0002 3023 7993, which the Co-Defendant received on January 28, 2010, disputing the
127 derogatory information and the alleged debt. As of today, Co-Defendant Citibank (South
128 Dakota)NA has not responded with proof of any alleged account and has continued to report
129 derogatory, erroneous, and inaccurate information in the Plaintiff's TransUnion, Experian, and
130 Equifax credit reports and is updating reports monthly. The Co-Defendant is required to notify
131 the Major Credit Reporting Agencies that the alleged accounts are in dispute, which the Co-
132 Defendant has not done.
133 **Reporting erroneous and inaccurate information.**
134 **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
135 **According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of**
136 **information to consumer reporting agencies [15U.S.C. §1681s-2]:**
137    (a) Duty of furnishers of information to provide accurate information.
138 (1) Prohibition.
139 (A) Reporting information with actual knowledge of errors. A person shall not furnish any
140 information relating to a consumer to any consumer-reporting agency if the person knows or

141 consciously avoids knowing that the information is inaccurate.
142 (B) Reporting information after notice and confirmation of errors. A person shall not furnish
143 information relating to a consumer to any consumer-reporting agency if
144 **(i) the person has been notified by the consumer, at the address specified by the**
145 **person for such notices, that specific information is inaccurate: and**
146 (ii) the information is, in fact, inaccurate.
147 (2) Duty to correct and update information. A person who
148 (A) regularly and in the ordinary course of business furnishes information to one or more
149 consumer reporting agencies about the person's transactions or experiences with any consumer;
150 and
151 (B) has furnished to a consumer reporting agency information that the person determines is not
152 complete or accurate, shall promptly notify the consumer reporting agency of that
153 determination and provide to the agency any corrections to that information, or any
154 additional information, that is necessary to make the information provided by the person to the
155 agency complete and accurate, and shall not thereafter furnish to the agency any of the
156 information that remains not complete or accurate.
157 (3) Duty to provide notice of dispute. If the completeness or accuracy of any information
158 furnished by any person to any consumer reporting agency is disputed to such person by
159 a consumer, the person may not furnish the information to any consumer reporting
160 agency without notice that such information is disputed by the consumer.
161 (b) Duties of furnishers of information upon notice of dispute.
162 (1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681I] of a dispute
163 with regard to the completeness or accuracy of any information provided by a person to a
164 consumer reporting agency, the person shall
165 (A) conduct an investigation with respect to the disputed information;
166 (B) review all relevant information provided by the consumer reporting agency pursuant to
167 section 611(a)(2) [§ 1681 i];
168 (C) report the results of the investigation to the consumer reporting agency; and
169 (D) if the investigation finds that the information is incomplete or inaccurate, report those results
170 to all other consumer reporting agencies to which the person furnished the

171 information and that compile and maintain files on consumers on a nationwide basis.
172 (2) Deadline. A person shall complete all investigations, reviews, and reports required
173 under paragraph (1) regarding information provided by the person to a consumer
174 reporting agency, before the expiration of the period under section 611 (a)(1) [§ 1681 i]
175 within which the consumer reporting agency is required to complete actions required by
176 that section regarding that information.
177 The Co- Defendant has reported this alleged account to all three bureaus since October 2009 and
178 has updated this alleged account for a period of eight months in all three bureaus with erroneous
179 and inaccurate information through today as they have not provided validation of the alleged
180 debt/account.
181 **Plaintiff demands judgment for $24,000.00**
182 Plaintiff re-alleges the allegations set forth in paragraphs 114 through 182 hereinabove.
183    **Count VI**
184 **Failure to mark the account in dispute**
185 **According to the Fair Credit Reporting Act, section 623. Responsibilities**
186 **of furnishers of information to consumer reporting agencies [15U.S.C.§1681s-2]:**
187 (a) Duty of furnishers of information to provide accurate information.
188 (1) Prohibition.
189 (A) Reporting information with actual knowledge of errors. A person shall not furnish any
190 information relating to a consumer to any consumer-reporting agency if the person knows or
191 consciously avoids knowing that the information is inaccurate.
192 (B) Reporting information after notice and confirmation of errors. A person shall not furnish
193 information relating to a consumer to any consumer-reporting agency if
194 (i) the person has been notified by the consumer, at the address specified by the
195 person for such notices, that specific information is inaccurate: and
196 (ii) the information is, in fact, inaccurate.
197 (2) Duty to correct and update information. A person who
198 (A) regularly and in the ordinary course of business furnishes information to one or more
199 consumer reporting agencies about the person's transactions or experiences with any consumer;
200 and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

**(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.**

The Co-Defendant in regards to the Experian, TransUnion, and Equifax credit reports of Plaintiff does not reflect that the information is disputed by the consumer even though the Plaintiff has sent a letter of validation/dispute to the Co-Defendant and to date the Co-Defendant has not responded. The Co-Defendant has reported this account to all three national credit reporting agencies since October 2009 and has updated same for a period of eight months in all three agencies through today.

**Plaintiff demands judgment for $24,000.00**

Plaintiff re-alleges the allegations set forth in paragraphs 183 through 219 hereinabove.

**Count VII**

**Co-Defendant also violated under the Fair Credit Reporting Act Section 1681n.**

**Civil Liability for willful noncompliance**

Any consumer reporting agency or **user** of information which willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to the consumer in an amount equal to the sum of—

(1) Any actual damages sustained by the consumer as a result of the failure;

(2) Such amount of punitive damages as the court may allow; and

(3) In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

230  **Under the Fair Credit Reporting Act Section 1681o. Civil liability for negligent**
231  **noncompliance**
232  Any consumer reporting agency or **user** of information which willfully fails to comply with any
233  requirement imposed under this title with respect to any consumer is liable to that consumer in an
234  amount equal to the sum of—
235     (1) Any actual damages sustained by the consumer as a result of the failure;
236     (2) In the case of any successful action to enforce any liability under this section, the costs of
237        the action together with reasonable attorney's fees as determined by the court.
238  **Plaintiff demands judgment for punitive damages of $30,000.00**
239  Plaintiff re-alleges the allegations set forth in paragraphs 220 through 239 hereinabove.
240  The Plaintiff has contacted by certified US Mail all three national credit reporting agencies in
241  these matters Experian, Equifax, and Trans Union with letters of dispute and they have
242  responded that they are reporting this information correctly as provided by Co-Defendant
243  Citibank (South Dakota)NA. The Co-Defendant's have damaged the Plaintiffs Credit Report,
244  Credit Score and have committed Defamation of Character PerSe' against the Plaintiff.
245  **WHEREFORE,** the Defendant and Co-Defendants have violated The Fair Debt Collection
246  Practices Act, and The Fair Credit Reporting Act, Plaintiff demands judgment in the amount of
247  $83,000.00, plus all costs of this action along with punitive damages in the amount of
248  $150,000.00, or as the court may allow along with Private Attorney General fees of $3000.00 as
249  prescribed by law Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec.
250  1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d---(1997 WL 695401, 7th Cir.)
251  or 128 F. 3d 1164 (7th Cir., 1997).
252  Plaintiff re-alleges the allegations set forth in paragraphs 240 through 252 hereinabove.
253  The Plaintiff has tried every way possible to resolve these issues amicably but has not been
254  replied to and has been ignored in these matters, thus leaving the Plaintiff no alternative but to
255  seek relief through this Honorable Court.
256                        **Statement Upon Which Relief Can Be Granted**
257    1. A settlement agreement between the Plaintiff and the Defendants that the Defendants shall
258       remove any derogatory information and inquires from all four major credit-reporting
259       agencies, Trans Union, Equifax, Experian, and Innovis and any other known credit

reporting agencies the Defendants has used now or may use in the future.
2. Defendants must also provide a letter and or Universal Data Form indicating that they have done this and send same to the Plaintiff.
3. The Defendants will be barred now or in the future from selling or transferring of the alleged debt to any other collection agency or attorney or entity and also barred now and in the future from re-entering this information into the Plaintiffs credit reports.
4. The Defendants must cease and desist any further collection activities against the Plaintiff and the Defendants may not Sell or Transfer the alleged account to any other Collection Agency or Attorney or entity now or in the future.
5. Payment of $83,000.00 for their violations.
6. Private Attorney General Fees must be paid to the Plaintiff.
7. Damages as allowed by the Court.

Respectfully submitted this 18th Day of May 2010.

*Sharon Haney*

Sharon Haney, Plaintiff
9 Seadrift
Irvine, CA 92604
949 861-8155
sharonhaney@sbcglobal.net

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the forgoing complaint/summons Haney vs. Hunt & Henriques, Attorneys at Law/Citibank (South Dakota) N.A., has been served upon the Defendants at their business address at, Hunt & Henriques, Attorneys at Law, 151 Bernal Road, Suite 8, San Jose, CA 95119-1306 (408 362-2270), Citibank (South Dakota)N.A. 701 E 60th St N, Sioux Falls, South Dakota 57117-1251, on or about 18th day of May 2010 with affidavit of service by U.S. Postal Service Certified Mail Return Receipt to follow to be submitted to the Clerk of the Court.

*Sharon Haney*

Sharon Haney
9 Seadrift
Irvine, CA 92604
949 861-8155
sharonhaney@sbcglobal.net

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SHARON HANEY, ProSe'

**DEFENDANTS**
HUNT & HENRIQUES - Defendant
Attorneys at Law
CITIBANK (SOUTH DAKOTA) N.A. - Co-Defendant

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Sharon Haney, Plaintiff, ProSe'
9 Seadrift, Irvine, CA 92604
949 861-8155

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No      ☑ **MONEY DEMANDED IN COMPLAINT:** $ 236,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1601, et seq., The Fair Debt Collection Practices Act. 15 USC 1681, et seq., The Fair Credit Reporting Act.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | | ☐ 840 Trademark |
| | | | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☑ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: SACV 10 - 659 AG(ANx)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)           CIVIL COVER SHEET           Page 1 of 2

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Jose | Sioux Falls, S.D. |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Shannon Honey_  Date _MAY 18, 2010_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

**SACV10- 659 AG (ANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Sharon Haney
9 Seadrift
Irvine, CA 92604

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| SHARON HANEY | CASE NUMBER |
|---|---|
| PLAINTIFF(S)<br>v.<br>HUNT & HENRIQUES<br>Attorneys at Law<br>CITIBANK (SOUTH DAKOTA)N.A.<br>DEFENDANT(S). | SACV10-659 AG (ANx)<br><br>SUMMONS |

TO:    DEFENDANT(S): HUNT & HENRIQUES, Attorneys at Law
            CITIBANK (SOUTH DAKOTA)N.A.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Sharon Haney_____, whose address is _9 Seadrift, Irvine, CA 92604_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __MAY 18 2010__    By: __TRINA DEBOSE__
                                              Deputy Clerk
                                        (Seal of the Court)
                                              1144

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

"FOR OFFICE USE ONLY" (stamp)